UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICIA L. NUGENT, on behalf of JAMES R.
NUGENT,

                              Plaintiff,

      v.                                                   **DECISION AND ORDER**
                                                                      12-CV-661S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant[1].
_____

      1.      Plaintiff Patricia L. Nugent commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) on behalf of her deceased husband James R. Nugent ("Plaintiff") seeking review of a final decision of the Commissioner of Social Security ("Commissioner"). Specifically, Plaintiff was denied disability benefits for the period of September 4, 2004 to December 30, 2006 under sections 216(i) and 223(d) of the Social Security Act in a determination by an Administrative Law Judge ("ALJ"). Plaintiff contends that this determination is not based upon substantial evidence, and therefore reversal is warranted.

      2.      Plaintiff filed a Title II application for a period of disability and disability insurance benefits on November 28, 2006, alleging that he became disabled as of September 4, 2004. The application was partially granted, and Plaintiff was found to be disabled as of December 30, 2006, the date of his 55th birthday, pursuant to Medical-Vocational Grid Rule 202.06. Plaintiff requested a hearing before the ALJ on the denial of benefits prior to December 30, 2006, which was granted. Plaintiff passed away on April 11, 2008, and his wife was substituted as the party in interest on May 8, 2008. Following

---

[1]Although this action was commenced against Commissioner Michael Astrue, the parties agree that on February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), a public officer's successor is automatically substituted as a party.

1

a hearing at which Plaintiff's wife testified, the ALJ issued a decision denying Plaintiff's application for additional benefits. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's determination the final decision of the Commissioner. Plaintiff filed a civil action in this Court (indexed as 11-CV-209S), but before this Court could rule on the merits of this action, the parties stipulated to the reversal of the disability determination and remand of the matter back to the Commissioner for further proceedings.

3. The matter was then returned to the ALJ by order of the Appeals Council which directed that remand was necessary to allow for consultation with a vocational expert regarding Plaintiff's determined non exertional limitations and the recontacting of a treating physician, Dr. Nicholas Aquino, for additional treatment notes. A second hearing was held before the same ALJ on January 18, 2012, at which Dr. Aquino and a vocational expert testified. After consideration of all the evidence, including additional medical records, the ALJ again denied Plaintiff's application for disability insurance benefits for the relevant period. On May 10, 2012, the Appeals Council denied Plaintiff's request for review. The current civil action challenging the Commissioner's final decision was filed in this Court on July 11, 2012.

4. On February 14, 2013, the Commissioner filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff also moved for such judgment in his favor on the same date. This matter is fully briefed and oral argument is unnecessary. Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's

determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), cert denied, 459 U.S. 1212 (1983).

6. To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d

3

119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

    8.    This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

    9.    While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

    10.    In this case, the ALJ made the following findings with regard to the five-step

process set forth above: (1) Plaintiff did not engage in substantial gainful activity from September 4, 2004 to December 30, 2006 (R. 361);[2] (2) Plaintiff had the following severe impairments: "cervical spine disc bulge and lumbosacral degenerative disc disease, cervical spine and lumbosacral strains" (R. 362); (3) neither these impairments or any combination thereof meet or medically equal a recognized disabling impairment under the regulations (R. 362); (4) Plaintiff had the residual functional capacity to perform light work with certain limitations, including the need to alternate sitting and standing at 45 minute intervals and the inability to reach overhead with his left arm (R. 362); and (5) although Plaintiff was unable to perform any past relevant work, he had the capacity to perform other jobs, such as fruit cutter and line packer (R. 368-69).

11.    Plaintiff contends that the ALJ's determination should be reversed and remanded for a calculation of benefits or, alternatively, for a new hearing. He argues that the ALJ failed to (1) appropriately weigh the opinion of chiropractor Dr. Cummings; and (2) consider Plaintiff's myofascial pain syndrome and depression as severe impairments. Plaintiff argues that, absent these errors, "the record supports a sedentary RFC assessment and an award of benefits under [Medical-Vocational] Grid Rule 201.14 for the closed period." (Pl's Reply Mem of Law at 7.) This Rule provides that a 50-54 year old high school graduate whose maximum sustained work capability is limited to sedentary work or less, and who has no skills from prior experience that would be transferable to a new job within that functional capacity, should be found disabled. 20 CFR Pt. 404, Subpt. P, App. 2, § 201.14; see id. at § 201.00 (g) ("Individuals approaching advanced age (age 50–54) may be significantly limited in vocational adaptability if they are restricted to sedentary

---

[2] Citations to the underlying administrative record are designated as "R."

work.") Notably, Plaintiff's award of benefits from December 30, 2006 onward was based on Grid Rule 202.06, (R. 44), which directs a finding of disabled for similarly situated persons aged 55 or over who are restricted to light work or less.

12.   With respect to his first argument, Plaintiff concedes that Dr. Cummings, a chiropractor, is not an acceptable medical source under 20 C.F.R. § 404.1513(a) for the purpose of establishing an impairment. (Pl's Mem of Law at 16-20.) He argues that the ALJ nonetheless failed to appropriately weigh Dr. Cummings' opinions as those of an "other source" under § 404.1513(d). This subsection permits an ALJ to "use evidence from other sources to show the severity of [a claimant's] impairment(s) and how it affects [his or her] ability to work." See 20 C.F.R. § 404.1513(d)(1)(including chiropractors as an 'other' medical source). Indeed, "[o]pinions from these [other] medical sources, who are not technically deemed 'acceptable medical sources' under [Social Security Administration] rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence in the file." SSR 06-03P, 2006 WL 2329939, *3 (S.S.A. Aug. 9, 2006). Thus:

> Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

Id. at *6.

In the instant case, Dr. Cummings completed a medical source statement opining that, as of December 30, 2005, Plaintiff was not capable of performing sustained sedentary or light work, even if he were permitted to alternate between sitting and standing. (R. 316-318.) The parties agree that the ALJ referenced the records of Plaintiff's treatment with

6

Dr. Cummings, but did not address this statement. (Pl's Mem of Law at 18-19; Def's Mem of Law in Opp'n at 2; R. 235-305, 365-66.) Notably, aside from one unremarkable appointment with his treating general practitioner, Dr. Aquino, it appears that Plaintiff was treated only by Dr. Cummings during 2006. Nonetheless, the ALJ specifically gave weight to the opinion of a consulting chiropractor who conducted two independent medical examinations for Workers' Compensation purposes in May and July of 2006 without discussing the opinion of the chiropractor who examined Plaintiff five times during that year. (R. 189-99, 368.) Because the opinions of both chiropractors are "other source" evidence pursuant to 20 C.F.R. § 404.1513(d), this Court cannot, as the Commissioner argues, glean from the record the ALJ's reasoning for discounting the opinion of the treating chiropractor in favor of a consulting chiropractor. (Def's Mem of Law in Opp'n at 2-3 (citing Barringer v. Comm'r of Soc. Sec., 358 F. Supp. 2d 67, 78-9 (N.D.N.Y. 2005).) This is not to imply that a chiropractor or other source is entitled to controlling weight under the treating physician rule. See SSR 06-03P, 2006 WL 2329939, *2 (only an acceptable medical source is entitled to controlling weight). The length of time an "other source" has known and how frequently that source has seen a claimant, however, is an appropriate consideration in weighing the source's opinion. Id. at 4.

Moreover, although the opinion of a chiropractor may not be used to establish the existence of an impairment, it is certainly relevant to the nature and severity of one. 20 C.F.R. § 404.1513(a),(d); SSR 06-03P, 2006 WL 2329939, *2. Here, there is no dispute as to the existence of a spinal impairment, (R. 361), only whether that impairment was severe enough to limit Plaintiff to sedentary work from September 2004 to December 2006. Accordingly, because it appears from the record that the ALJ ignored the opinion of Dr. Cummings, as opposed to determining it should be afforded little to no weight based on

the evidence, remand is warranted. Solsbee v. Astrue, 737 F. Supp. 2d 102, 114-15 (W.D.N.Y. 2010) (error to ignore opinion of chiropractor solely because chiropractors are not considered acceptable medical sources under the regulations); Farrell v. Astrue, No. 5:10-CV-284, 2011 WL 6941390, *8 n. 6 (D. Vt. Nov. 23, 2011) (categorically ignoring a chiropractor's opinion is error as a matter of law), *report and recommendation adopted by* 2012 WL 12538 (D. Vt. Jan. 3, 2012); Canales v. Comm'r of Soc. Sec., 698 F. Supp. 2d 335, 344 (E.D.N.Y. 2010) (error to disregard opinion of social worker without explanation); cf. Bigler v. Astrue, No. 10-CV-6325T, 2011 WL 1225568, *9 (W.D.N.Y. Mar. 28, 2011) (no error where the ALJ considered, discussed, and then discounted opinion of employment specialist).

13. Plaintiff also argues that the ALJ failed to discuss the diagnosis of myofascial pain syndrome, to which Dr. Aquino testified at the January 2012 hearing. (Pl's Mem of Law at 20-23.) The Commissioner correctly notes that Dr. Aquino's testimony is unclear as to whether he believed that Plaintiff did have myofascial pain syndrome or if this was only one possible cause of Plaintiff's pain. (R. 515-16.) Nonetheless, because remand is already warranted, the ALJ should more specifically address any evidence of Plaintiff's limitations due to an ongoing pain syndrome.

14. Finally, Plaintiff argues that the ALJ should have considered depression to be a severe impairment. There is no dispute that Plaintiff's death was the result of suicide, to which depression was found to be a significant contributing condition. (R. 88.) Although tragic, there is no medical evidence to support a determination regarding Plaintiff's mental health from 2004 to 2006, a year and a half prior to his death. Further, Plaintiff's wife testified at the May 2009 hearing that he never sought any mental health treatment, (R. 340-41), therefore the ALJ was and is unable to develop the record further on this issue.

15. For the foregoing reasons, the Court cannot conclude that the ALJ's determination is supported by substantial evidence. Plaintiff's Motion for Judgment on the Pleadings is granted, and Defendant's motion is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED;

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is DENIED;

FURTHER, that the decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner of Social Security for further proceedings consistent with the above decision;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: September 14, 2013
      Buffalo, New York

    /s/William M. Skretny
    WILLIAM M. SKRETNY
    Chief Judge
    United States District Court